**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

**Trustees Main/270, LLC**
**4300 East 5th Ave.**
**Columbus, Ohio 43219**                          Case No.

     **Plaintiff,**
                                                  Judge
-vs-

**ApplianceSmart, Inc.**
**7400 Excelsior Blvd.**
**St. Louis Park, MN 55426**

and

**JANONE, Inc.**
**c/o Tony Isaac, CEO**
**325 E. Warm Springs Road**
**Suite 102**
**Las Vegas, Nevada 89119**

     **Defendant.**

## COMPLAINT

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Trustees Main/270, LLC ("Trustees Main") is an Ohio corporation and the landlord for the shopping center previously known as the Main/270 Center, and now known as the Carnaby Center, located on East Main Street in Columbus, Ohio. The store located at 6080 East Main Street within the shopping center is hereinafter referred to as the "Premises."

2. Defendant ApplianceSmart, Inc., ("ApplianceSmart") is a Minnesota Corporation, the tenant at the Premises, and is the successor in interest to ApplianceRecycling Centers of America, Inc., which is now known as JANONE, Inc.

3. Defendant JANONE, Inc., ("JANONE") formerly known as Appliance Recycling Centers of America, Inc.[1] is a now a Nevada Corporation and the guarantor of ApplianceSmart's performance under the lease.

4. On June 3, 2008, Schottenstein Trustees, an Ohio general partnership, as landlord and JANONE as tenant, entered into a lease agreement for the Premises. Combined Exhibit A.

5. The lease agreement was amended by a First Amendment to Lease Agreement between Trustees Main/270 LLC,[2] as Successor in Interest to Schottenstein Trustees, and JANONE effective as of January 15, 2013. Combined Exhibit A.

6. On April 25, 2017, Trustees Main and ApplianceSmart as successor in interest to JANONE, entered into a Lease Extension and Modification Agreement extending the term through June 30, 2025. Combined Exhibit A.

7. As an inducement to Trustees Main to enter into the Lease Extension and Modification Agreement with ApplianceSmart as tenant, and in consideration thereof, JANONE signed a guaranty of lease on April 25, 2017, in which it:

---

[1] For clarity, plaintiff will refer to "JANONE" throughout the complaint to identify Appliance Recycling Centers of America, Inc. or to JANONE, even if the document or event referenced in the allegation took place prior to its name change or the documents contain the name of "Appliance Recycling Centers of America, Inc." as tenant or guarantor.
[2] The first amendment inadvertently identified Trustees Main/270 LLC as "Main/270 LLC Trustees."

> [U]nconditionally guarantees to Landlord the full and punctual payment of all rents and other sums payable by Tenant under the Lease, and the full and punctual performance and observance of all terms, covenants and conditions on the part of Tenant to be performed and observed under the Lease (collectively the "Tenant Obligations"), including renewal options. Guarantor further agrees to indemnify and hold Landlord harmless from any loss, liability, damage or expense (including reasonable attorney's fees) arising from the failure of Tenant to perform any of the Tenant Obligations and/or the enforcement of this Guaranty. Upon Tenant's default under the Lease, Guarantor shall pay or perform the Tenant Obligations so in default, as applicable.

Combined Exhibit A.

8. On September 27, 2019, Trustees Main, ApplianceSmart, and JANONE as landlord, tenant, and guarantor entered into the Second Lease Modification Agreement and Ratification of Guaranty by Converted Corporation. Combined Exhibit A.

9. On December 14, 2021, Trustees Main, ApplianceSmart, and JANONE as landlord, tenant, and guarantor entered into the Third Lease Modification Agreement and Ratification of Guaranty. Ex. B.

10. The Shopping Center Lease as modified by the First Amendment to Lease Agreement, the Lease Extension and Modification Agreement, the Second Lease Modification Agreement, and Third Lease Modification Agreement, is referred to herein as the "Lease."

11. The Guaranty as ratified by the Ratification of Guaranty by Converted Corporation on September 27, 2019 and the Ratification of Guaranty on December 14, 2021 is referred to herein as the "Guaranty."

12. Pursuant to the terms of Combined Exhibit A, ApplianceSmart agreed, among other things, to pay Trustees Main rent as follows:

3

|  | Years | Monthly | Annually |
|---|---|---|---|
|  | 7/1/2017 - 6/30/2022 | $21,064.42 | $252,773.04 |
|  | 7/1/2022 - 6/30/2025 | $22,303.50 | $267,642.00 |

13. Pursuant to the terms of Combined Exhibit A, ApplianceSmart agreed, among other things, to pay plaintiff the lesser of tenant charges as: a) actually incurred or b) the following fixed amount:

| Years | Monthly | Annually |
|---|---|---|
| 2022 | $9,987.01 | $119,844.14 |
| 2023 | $10,185.26 | $122,223.18 |
| 2024 | $10,383.52 | $124,602.22 |
| 2025 | $10,581.77 |  |

14. ApplianceSmart abandoned the Premises in 2022 and failed to pay rent, tenant charges, and late charges beginning in February 2022 and now owes Trustee Main $90,429.23 for past due amounts. ApplianceSmart is in default under the Lease, pursuant to Combined Exhibit A, ¶22(b). Plaintiff served a Notice of Default on February 10, 2022 to both ApplianceSmart and JANONE. Exhibit C. Neither ApplianceSmart nor JANONE cured the default.

15. Trustees Main performed its obligations under the Lease.

## FIRST COUNT– BREACH OF LEASE

16. Trustees Main incorporates by reference, as though fully rewritten herein, paragraphs 1-15 of its complaint.

17. ApplianceSmart is in breach of the Lease by its failure to pay the $90,429.23 owed for rent, tenant charges, and late charges as of date and will continue to breach the Lease to the extent that ApplianceSmart fails to pay rent, tenant charges, and late charges through June 2025, all to Trustees Main's damage.

18. Pursuant to §23 of the Lease, "**LANDLORD'S REMEDIES**," Trustees Main, without terminating ApplianceSmart's obligation to pay rent, after previously sending a Notice of Default, is entitled to recover the following:

    (1) accrued Rent to the effective date of termination together with late charges and interest thereon at the rate of 18% per annum (the "Default Rate") from the date owed through the date paid; plus

    (2) the cost of recovering the Premises, including without limitation, attorneys' fees; plus

    (3) all costs of enforcing this Lease, including, without limitation, the provisions of this subparagraph (a) against Tenant; plus

    (4) costs and expenses incurred by Landlord for any repairs, maintenance, changes, alterations and improvements to the Premises to prevent damage, advertising costs, brokerage commissions, and reasonable attorneys' fees (collectively, "Reletting Costs"); plus

    (5) the present value of the Rent (discounted at a rate of interest equal to eight percent (8%) per annum (the Discount Rate)) that would have accrued under this Lease for the Term, reduced by the present value of the actual Rent, discounted at the Discount Rate, received from Landlord's successful reletting of the Premises. It being agreed, however, that Landlord's obligation to relet or attempt to relet the Premises is subject to the provisions of subparagraph (b) below. For purposes of computing the amount of Rent that would have accrued after the effective date of termination, obligations for real estate taxes, insurance costs shall be projected, based upon the rate of increase, if any, in such items from the Rent Commencement Date through the termination date; plus

    (6) any other costs or amounts necessary to compensate Landlord for all damages caused by Tenant's failure to perform its obligations hereunder.

5

19. Trustees Main is making commercially reasonable efforts to relet the Premises.

20. ApplianceSmart is liable for up to $908,248.10 in future rent and up to $420,173.13 in future projected tenant charges, before reduction to present value, or reduced by reletting.[3]

21. ApplianceSmart is thus liable for up to a combined $1,418,850.46 in past and future rent, tenant charges, late charges, and interest, less reduction to present value where required.

22. ApplianceSmart is liable for attorney fees and other expenses associated with its default and Trustee Main's effort to enforce the Lease and relet the Premises in an amount to be established at trial.

## SECOND CLAIM – GUARANTY OF LEASE

23. Trustees Main incorporates by reference, as though fully rewritten herein, paragraphs 1 through 22 of its First Claim.

24. JANONE is obligated as a guarantor for the amounts owed by ApplianceSmart, as it unconditionally guaranteed payment of all rents and sums owed by ApplianceSmart under the Lease.

25. Notwithstanding the notice served on February 10, 2022, Trustees Main is not required to take satisfy any conditions precedent with respect to the guaranty of lease as JANONE waived notice of any breach or default by ApplianceSmart under the Lease, waived any notice of acceptance of this Guaranty, and waived all suretyship defenses.

---

[3] While these damages are forward looking, there are sufficient fixed damages for past due amounts satisfying the required amount in controversy for diversity jurisdiction.

26. JANONE is thus liable to plaintiff for a combined $90,429.23.51 in past and future rent, charges, and late charges and liable under the Guaranty for the payment of all rents and sums owed by ApplianceSmart.

**WHEREFORE**, Trustees Main/270, LLC demands judgment jointly and severally against defendants for up to $1,418,850.46, as adjusted for any reletting and as reduced to present value and attorney fees and other charges associated with the default and for such other relief to which plaintiff may be entitled either at law or in equity.

**WESTON HURD LLP**

*/s/ Edward G. Hubbard*
Edward G. Hubbard (0067784)
101 E. Town St. – Suite 500
Columbus, OH 43215
614-280-1125 (direct)
614-280-0200 (main)
614-280-0204 (fax)
ehubbard@westonhurd.com

*Trial Attorney for Plaintiff*
*Trustees Main/270 LLC*