UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Trustees Main/270 LLC,** | : | |
| Plaintiff, | : | Case No. 2:22-cv-1938 |
| v. | : | Chief Judge Algenon L. Marbley |
| **ApplianceSmart, Inc., et al.,** | : | Magistrate Judge Deavers |
| Defendants. | : | |

**OPINION & ORDER**

This matter comes before the Court on Defendant's Motion for Partial Judgment on the Pleadings (ECF No. 39). For the following reasons, Defendant's Motion is **DENIED**.

**I. BACKGROUND**

This case arises from a lease agreement (hereinafter the "Agreement") between Plaintiff Trustees Main/270 LLC ("Trustees Main" or "Plaintiff") and Defendant ApplianceSmart, Inc., et al., ("ApplianceSmart" or "Defendant"). Plaintiff is an Ohio LLC. (ECF No. 1). Defendant is a Minnesota corporation. (*Id.*). On June 3, 2008, Trustees Main's predecessor in interest, Schottenstein Trustees, an Ohio general partnership, entered into a lease with Defendant's predecessor in interest, ApplianceRecyling Centers of America, now known as JANONE, Inc., at a location within a commercial shopping center at 6080 East Main Street, Columbus, Ohio (the "Property"). (*Id.*).

The parties amended the Agreement on January 15, 2013, after executing the First Amendment to Lease Agreement. (*Id.*). On April 25, 2017, the parties entered into a Lease Extension and Modification Agreement extending the term of the lease to June 30, 2025. (*Id.*). In

1

addition to the extension, the same day JANONE signed a guaranty of lease, in which it guaranteed that certain obligations of Defendant would be met in the event of a default under the lease. (*Id.*).

On September 27, 2019, Plaintiff, Defendant, and JANONE executed Second Lease Modification Agreement and Ratification of Guaranty by Converted Corporation. (*Id.*). Then, on December 14, 2021, the parties entered into the subsequent Third Lease Modification Agreement and Ratification of Guaranty. (*Id.*). The First Amendment to Lease Agreement, the Lease Extension and Modification Agreement, the Second Lease Modification Agreement, and Third Lease Modification Agreement, are referred to jointly as the "Agreement."

In the Agreement, Defendant agreed to pay Plaintiff fixed rent installments from the 2017 to 2025. (*Id.*). At the beginning of February 2022, Defendant abandoned the Property and ceased paying rent. (*Id.*). On February 10, 2022, Trustees Main served a Notice of Default to both Defendant and JANONE informing them of their obligations under the Agreement. (ECF No. 51). ApplianceSmart and JANONE exceeded the cure period, and this action was initiated two months later. (*Id.*).

Defendants now move for a partial judgment on the pleadings. They assert that the contractual provision relied on by Plaintiff is inapplicable, and as a result, Plaintiff fails to state a claim. Plaintiff responds by articulating that even if the provision is inapplicable, its Complaint meets the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. This matter is now ripe for review.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings may be made "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same

standard applicable to a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511–12 (6th Cir. 2001). A "motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Grp., Inc.*, 123 F.3d 394, 400 (6th Cir. 1997).

Although liberal, this standard requires more than the bare assertion of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993). Under the federal pleading requirements, a plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (internal quotations omitted) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Rule 12(c) motion is granted only if there is an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Cmty. Mental Health Serv. v. Mental Health & Recovery Bd.*, 395 F. Supp. 2d 644, 649 (S.D. Ohio 2004).

### III.  LAW & ANALYSIS

Defendant argues that Plaintiff Trustees Main has not fulfilled its pleading requirement alleging breach of contract in Counts I and II of its Complaint because it erroneously relies on an inapplicable provision of the Agreement. (ECF No. 39). Section 23(a)(i) of the Agreement, they argue, is not triggered because at no time did Plaintiff terminate the Agreement. (*Id.*) Plaintiff does not directly address this point. Instead, Plaintiff rebuts the argument by highlighting the fact that even if Section 23(a)(i) was absent from the Complaint, a valid cause of action is sufficiently pled given the "short and plain" requirement under Rules 8(a) and 12(c) of the Federal Rules of Civil Procedure. (ECF No. 43). This Court agrees with Defendants.

At this time, the Court considers only Count I of Plaintiff's Complaint because Count II specifically pertains to JANONE, not all Defendants. Count I of Trustees Main's Complaint is titled Breach of Lease. (ECF No. 1). To allege a breach of contract under Ohio law, a party must allege "by a preponderance of the evidence that (1) a contract existed, (2) one party fulfilled his obligations, (3) the other party failed to fulfill his obligations, and (4) damages resulted from that failure." *Blake Homes, Ltd. v. FirstEnergy Corp.*, 173 Ohio App.3d 230, 2007-Ohio-4606, 877 N.E.2d 1041, ¶ 77 (6th Dist.).

Taking the factual assertions in the Complaint as true, Plaintiff sufficiently alleges the requisite elements of a breach of contract. According to the Complaint, a valid contract was entered into by the parties (through their predecessors in interest) on June 3, 2008. *Id.* at ¶¶ 3, 10. Plaintiff performed on their contract when they began letting Defendant operate out of the Property. *Id.* at ¶¶ 14–15, 19. They further adhered to their contractual obligations when took reasonable measures to relet the Property. (*Id.*) The Complaint then alleges that ApplianceSmart failed to fulfill its obligations to pay rent, tenant charges, and late charges beginning in February 2022. *Id.* at ¶ 14.

4

Furthermore, it's alleged that Defendant abandoned the Property, which itself would justify a breach of contract. *Id.* Finally, the alleged failure to pay rent has resulted in definitive and demonstrable damages. *Id.* at ¶¶ 17, 21. Notably, Plaintiff alleges that Defendant is "liable for up to a combined $1,418,850.46 in past and future rent, tenant charges, late charges, and interest, less reduction to present value where required." *Id.*

Defendant's argument that these facts are not enough to survive a judgment on the pleadings is predicated entirely on paragraph 18 of the Complaint. (ECF No. 39). There, Trustees Main recites language from Section 23(a)(i) of the Agreement that details certain rights of recovery that are triggered in the event of the termination of the Agreement. (*Id.*). First, it is worth noting again that at this stage, the Court must accept all of the factual allegations in the Complaint as true. *Total Benefits Planning Agency*, 552 F.3d at 434; *Murphy*, 123 F.3d at 400. Paragraph 18 states that that Plaintiff is entitled to various forms of relief pursuant to Section 23(a)(i):

> (1) accrued Rent to the effective date of termination together with late charges and interest thereon at the rate of 18% per annum (the "Default Rate") from the date owed through the date paid; plus
>
> (2) the cost of recovering the Premises, including without limitation, attorneys' fees; plus
>
> (3) all costs of enforcing this Lease, including, without limitation, the provisions of this subparagraph (a) against Tenant; plus
>
> (4) costs and expenses incurred by Landlord for any repairs, maintenance, changes, alterations and improvements to the Premises to prevent damage, advertising costs, brokerage commissions, and reasonable attorneys' fees (collectively, "Reletting Costs"); plus
>
> (5) the present value of the Rent (discounted at a rate of interest equal to eight percent (8%) per annum (the Discount Rate)) that would have accrued under this Lease for the Term, reduced by the present value of the actual Rent, discounted at the Discount Rate, received from Landlord's successful reletting of the Premises. It being agreed, however, that Landlord's obligation to relet or attempt to relet the Premises is subject to the provisions of subparagraph (b) below. For purposes of computing the amount of Rent that would have accrued after the effective date of

termination, obligations for real estate taxes, insurance costs shall be projected, based upon the rate of increase, if any, in such items from the Rent Commencement Date through the termination date; plus

(6) any other costs or amounts necessary to compensate Landlord for all damages caused by Tenant's failure to perform its obligations hereunder.

(ECF No. 1 at ¶ 18). Accepting this as true, this fact supports a cause of action for breach of contract.

Secondly, even if this Court were to agree that the Agreement was not terminated, a misreading of one provision of a contract is not fatal to the entirety of a complaint when sufficient facts to prove an alleged cause of action exist. *King v. Hertz Corp.*, No. 1:09 CV 2674, 2011 WL 1297, at *17 (N.D. Ohio Mar. 31, 2011) ("Yet Plaintiff's pleadings regarding his performance need not mirror the terms of the contract provision to survive a 12(b)(6) motion to dismiss."). While a potential damage award might be affected negatively by the inapplicability of certain provisions in the Agreement because it would restrict the scope of recovery, the baseline breach of contract claim is still present, and as a result, Plaintiff has pled those elements sufficiently. Accordingly, Defendant has not met its burden to show that "no set of facts" will entitle Plaintiff to relief, such that judgment on the pleadings is appropriate.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings (ECF No. 39) is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  March 29, 2024**